Dear Ms. Jones:
This office is in receipt of your request for an Attorney General's Opinion, submitted with respect to your client, the Lower Cameron Hospital Service District (the "District").
You advise that the District owned and operated South Cameron Memorial Hospital (the "Hospital") from the time of its construction until the late 1990s, at which time the District was reorganized in federal Bankruptcy Court under a Plan of Adjustment. Through the bankruptcy proceedings, the Camelot Healthcare, L.L.C. was selected to operate the hospital, and in March of 2000 the District entered into a lease with Camelot Healthcare, L.L.C. ("Camelot") for the lease and operation of the Hospital.
You further advise that after the confection of the lease, Camelot's financial circumstances deteriorated, forcing the District to implement various protective measures, including the negotiation of "an eviction in escrow". Ultimately, on February 2, 2004, the District entered into a Lease Assignment and Amendment Agreement (the "Assignment Agreement") with Pacer Health Management Corporation ("Pacer"), which includes an option for Pacer to purchase the Hospital.
Pertinently, your letter provides:
 "It is our understanding that LSA-R.S. 40:2115.11 through 2215.22 and the Rules of the Department of Justice pertaining to Nonprofit Hospital Acquisitions (LAC 48:XXV Chapter 3) require the approval of the Attorney General for the sale of the Hospital, Moreover, LSA-R.S. 33:4341 requires voter approval for the sale of the Hospital in that it constitutes a revenue producing public utility. We also note that our review of prior hospital sales that hospital service districts have routinely obtained the consent of the Police Jury to such a transaction. We note that under LSA-R.S. 33:1415 that the Police Jury which created the District and is authorized to exercise budgetary and fiscal controls over the District.
 In the negotiations with Pacer, Pacer insisted on the option to purchase the Hospital's assets in exchange for assuming the lease obligations of Camelot and providing working capital for the Hospital I must emphasize, at this time, the issue has not arisen due to any interest Pacer has expressed in electing to exercise its option. Instead, certain parties in the community have insisted that the Assignment Agreement allows the District to sell the Hospital without the approval of the voters, police jury, Bankruptcy Court, Attorney General, or anyone else.
 Under these circumstances, an opinion from your office clarifying the state law requirements governing the sale of the Hospital would be most helpful."
Provisions of Louisiana law require the approval of both the electorate and the Attorney General in connection with the sale of hospitals.
With respect to voter approval of a sale of a hospital, LSA-R.S.33:4341(A) which pertinently provides:
 "Any political subdivision or taxing district may sell or lease any revenue-producing properties owned by it, including all proper franchises to operate the properties provided the governing authorities have been first authorized to do so by a vote of a majority of the qualified electors, voting at an election held for that purpose "
Attorney General's Opinion No. 94-443 determined, and it remains our opinion, that a hospital facility owned by a political subdivision constitutes property of a revenue-producing utility as defined in LSA-R.S. 33:4341. That opinion further concluded the sale of such a facility could only be accomplished after approval of same by the referendum of the electorate.
With respect to the approval of this office, LSA-R.S. 40:2115.11, et seq., provides that "the state has an interest in assuring the continued existence of accessible, affordable health care facilities that are responsive to the needs of the communities in which the exist", and further, that a not-for-profit hospital shall not be acquired "unless and until the acquisition is reviewed and approved by the attorney general." LSA-R.S.40:2115.11. In accordance with these provisions of law, it is our opinion that the approval of the Attorney General is required in connection with the sale of a hospital service district hospital.
With respect to the approval of the Police Jury, our research did not reveal any provision of law which specifically requires same. However we note, as you did, that LSA-R.S. 33:1415 gives parish governing authorities the authority to abolish any district it has created, and to exercise budgetary and fiscal controls over such a district.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to your office, or to the Lower Cameron Hospital Service District, in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam